ESTATE OF ALBERT E. GARCIA, DECEASED, ELOIS GARCIA, EXECUTRIX, and ORA GARCIA, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Garcia v. Commissioner
Docket No. 2344-74.
United States Tax Court
T.C. Memo 1976-70; 1976 Tax Ct. Memo LEXIS 331; 35 T.C.M. (CCH) 318; T.C.M. (RIA) 760070; March 9, 1976, Filed Herbert Finkelstein, for the petitioners. Charles N. Woodward, for the respondent. SCOTT MEMORANDUM FINDINGS OF FACT AND OPINION SCOTT, Judge: Respondent determined deficiencies in Federal income tax and additions to the tax of Albert E. Garcia and Ora Garcia for the years and in the amounts as follows: Addition to Tax Under
Income Tax
Section
Section Tax Year Ended
Deficiency
6653(a)
6651(a)
December 31, 1969
$8,682.39
$ 482.78
$ 2,170.60
December 31, 1970
3,480.07
174.00
696.01
December 31, 1971
4,614.86
230.74
0
*332 Albert E. Garcia died on December 27, 1974, and on January 28, 1975, Elois Garcia was appointed executrix of his estate by the Probate Court of Harris County, Texas. The amount of the tax liability of the Garcias for the years here in issue having been disposed of by agreement of the parties, the only issues remaining for decision are: (1) Whether petitioners have shown that the failure of the Garcias to file timely income tax returns for the calendar years 1969 and 1970 was due to reasonable cause and not to willful neglect so as to relieve them of the addition to tax provided for under section 6651(a), I.R.C. 1954, [1] and (2) whether petitioners have shown that no part of their underpayment in tax for the calendar years 1969, 1970 and 1971 is due to negligence or intentional disregard of rules and regulations so as to show that they are not liable for the additions to tax provided for by section 6653(a). FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Albert E. and Ora Garcia (hereinafter referred to as petitioners) were legal residents of Houston, *333 Texas at the time of the filing of their petition in this case. Petitioners filed a joint Federal income tax return for the calendar year 1969 with the District Director of Internal Revenue, Austin, Texas on April 16, 1971. They filed a joint Federal income tax return for the calendar year 1970 with the District Director of Internal Revenue, Austin, Texas on September 2, 1971, and timely filed a joint Federal income tax return for the calendar year 1971 with the same District Director. [2]
Beginning sometime prior to the calendar year *334 1969, Mr. Garcia began to purchase cigarette vending machines, phonograph machines, pool and other game type machines to place in business locations operated by other persons. By 1969 this was the full-time business of Mr. Garcia. During the years 1969, 1970 and 1971, he had approximately 100 juke boxes, pool and other game machines and approximately 50 cigarette machines placed in between 50 and 70 different locations. The machines were operated by coin. When a collector would go to the business establishment where the machines were located, he would take a collection book and when the coins were taken from the juke boxes and game machines the amount of cash in the machines would be entered on the collection slip. Half of the amount taken from the machines would be paid to the owner of the establishment where the machines were located and the other half retained by Mr. Garcia. The collection slips were in duplicate. The original would generally be left with the owner of the establishment and the carbon copy retained by the collector. The collection slips were unnumbered. The same system was used with respect to the amounts taken from the cigarette machines except that the amount *335 paid from the cash taken from these machines to the owner of the establishment where the machines were located would be between 3 and 5 cents a pack of cigarettes. However, sometimes Mr. Garcia would retain all of the cash collected from cigarette machines and periodically a check would be issued to the owner of the establishment where the cigarette machines were located for the amount due him. Most of the expenses of Mr. Garcia's business were paid by checks. These expenses included payment for cigarettes, for machine repair and for labor. During the years here at issue, petitioners were making payments on machines acquired in prior years and were acquiring additional machines. All of their acquisitions were made under an installment type contract requiring payment of carrying charges and interest. From time to time, either Mr. Garcia or the now Mrs. Elois Garcia, who began working with him in 1969, would take the carbon copies retained from the collection books and canceled checks to Mr. Roy R. Williams, who was the sole proprietor of Accurate Bookkeeping & Tax Service. Mr. Williams is an accountant who had operated the accurate Bookkeeping & Tax Service firm for a number of *336 years prior to 1968 when Mr. Garcia first came to him. Mr. Williams would attempt to explain to Mr. Garcia the need for complete receipts and records of payments. Mr. Garcia did not have available all records with respect to his acquisition of machines and the carrying charges and interest paid with respect to those acquisitions. Sometime in 1969, Mr. Garcia became ill with a heart condition and was hospitalized from time to time. Thereafter, the now Mrs. Elois Garcia would bring over records to Mr. Williams' firm, and when asked for additional records, would attempt to get them. Petitioners' income tax returns for the calendar years 1969 and 1970 were prepared by an accountant in Mr. Williams' firm. The return for 1969 reported taxable income and the return for 1970 reported a loss. It was the practice in Mr. Williams' firm to call a client after the return was prepared and have the client pick up the return together with an instruction sheet telling the client where to sign the return and where to mail it after having signed it. It was Mr. Williams' invariable custom to have each client's return prepared prior to its due date. Petitioners' Federal income tax return for the *337 calendar year 1968 was investigated by an Internal Revenue agent beginning sometime in 1970. Since questions arose about the adequacy of petitioners' records during the course of this investigation, Mr. Williams advised petitioners to consult a lawyer. The lawyer consulted with respect to the investigation of petitioners' 1968 tax liability prepared their 1971 Federal tax return. This return reported a loss. OPINION Section 6012(a) requires every person having a specified amount of gross income to file a Federal income tax return, and section 6072(a) prescribes the time for filing of returns by individuals who report their income on the calendar year basis as the 15th day of April following the close of the calendar year. Section 6651(a) provides for an addition to tax for failure to timely file a return unless such failure is due to reasonable cause and not to willful neglect. Petitioners filed their tax returns on the calendar year basis. However, their return for the calendar year 1969 was filed over a year late and their return for the calendar year 1970 was filed over 4-1/2 months late. No evidence was presented of the reason for the late filing. The only witnesses in this *338 case were Mrs. Elois Garcia, the executrix of the estate of Mr. Garcia but not a party to the returns for the years here involved, and the accountant who prepared the returns of petitioners for the years 1969 and 1970. Mrs. Elois Garcia did not know why petitioners' returns for 1969 and 1970 were not timely filed. The accountant testified that he had prepared the returns and delivered them either to Mr. Garcia or to someone Mr. Garcia sent to pick up the returns prior to the date the returns were due to be filed. He further testified that he attached to the returns he had prepared a note indicating the date by which the returns should be filed, where they should be filed, and where petitioners should sign the returns. Since the returns were filed late and respondent determined that there was due from petitioners an addition to tax because of such late filing, petitioners are liable for this addition to tax unless they are able to show reasonable cause for the late filing. Paula Construction Company,58 T.C. 1055, 1061 (1972), affd. without published opinion 474 F. 2d 1345 (5th Cir. 1973); Robert L. Bunnel,50 T.C. 837, 843 (1968); *339 Logan Construction Company v. Commissioner,365 F. 2d 846, 853 (5th Cir. 1966), affirming a Memorandum Opinion of this Court. In the instant case there is a total lack of evidence of the reason for the late filing of the 1969 and 1970 returns. Mr. Garcia is dead and for reasons not shown in the record Mrs. Ora Garcia did not testify. Understandably, Mrs. Elois Garcia who did testify did not know why petitioners' returns were filed late. She did testify that petitioners relied on an accountant to prepare their returns. Even if this had been proven to be a fact and it had been shown that the accountant negligently failed to timely prepare the returns, petitioners would not have shown reasonable cause for their failure to timely file their returns. Logan Construction Company,supra, at 854. However, Mrs. Elois Garcia did not know whether the accountant prepared the returns in time for them to be filed before their due date and the accountant unequivocably testified that he did prepare them and deliver them to petitioners prior to the time they were due to be filed. On the basis of the facts in this record, we sustain respondent's additions to tax under *340 section 6651(a) for failure of petitioners to timely file their returns for 1969 and 1970. Section 6653(a) provides that if any part of any underpayment of tax is due to negligence or intentional disregard of rules and regulations there shall be added to the tax an amount equal to 5 percent of the underpayment. Where respondent has determined an addition to tax under section 6653(a), the taxpayer has the burden of showing that no part of the underpayment was due to negligence or intentional disregard of rules and regulations. Mark Bixby,58 T.C. 757, 791-792 (1972), and cases there cited. The failure of a taxpayer to keep adequate books and records from which his tax liability may be computed is generally negligence of a type contemplated by section 6653(a). Estate of James Max Harrison,62 T.C. 524, 536 (1974). The facts here show that petitioners' records were inadequate to permit a proper computation of their tax liability. The customer collection books did not contain numbered pages and the indication from the record is that not all the collection slips were retained by petitioners. The record shows not only that petitioners did not have adequate *341 records of receipts but that they did not maintain adequate records of their expenditures or adequate records for a proper computation of depreciation on their equipment. Not only does this record fail to show the reasons for petitioners' inadequate records but the testimony of the accountant who prepared petitioners' returns indicates that he was constantly urging petitioner to keep more satisfactory records. On the basis of this record we sustain respondent's determination of an addition to tax under section 6653(a). Because of a reduction in petitioners' tax liability as determined by respondent for each year by agreement of the parties and the fact that the addition to tax is based upon the amount of the underpayment of tax, Decision will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended.↩
2. The copies of the returns for the calendar years 1970 and 1971, which are stipulated exhibits in evidence, at the top show Albert E. and Elois Garcia with a line drawn through the name "Elois" and the name "Ora" written above. The first signature on each of these returns is "Albert E. Garcia" and the second signature under the space designated "Spouse's signature" is "Elois Garcia." However, since the parties have stipulated that these are returns of Albert E. and Ora Garcia and the deficiency notice is addressed to Albert E. and Ora Garcia, and the petition filed in the name of Albert E. and Ora Garcia, we will accept the parties' stipulation.↩